This is an appeal by the Board of Water and Sewer Commissioners of the City of Mobile from a summary judgment against it and from a denial of its motion for reconsideration (59 (e), ARCP) of that judgment. We reverse and remand.
On September 20, 1976 Alabama Power Company (APCO) filed a complaint against the Board of Water and Sewer Commissioners of the City of Mobile (the Board) seeking *Page 306 
to recover $11,121.41 under the theory of unjust enrichment plus interest and penalties assessed against APCO by the Alabama Department of Revenue (the Department) for the period of September 1, 1969 to June 30, 1972. This sum represented the liability of APCO to the Department under the Utility Gross Receipts Tax Act, Alabama Code of 1975, § 40-21-80 et seq.
That Act levies a direct tax upon each purchaser of utility services; however, all subject utilities are charged with the responsibility of receiving and remitting this tax to the Department by adding to each purchaser's bill an amount equal to the tax imposed upon that purchaser. On the effective date of the Act, September 1, 1969, APCO began adding a charge, determined by a formula within the Act, to the monthly utility bill APCO sent to the Board. The Board, however, refused to pay the charge/tax, claiming to be exempt from September 1, 1969 to June 30, 1972 under certain exclusions within the Act, §40-21-83 (4). In response to APCO's complaint the Board's answer set forth this exemption, and also the statute of limitations and a general denial of APCO's allegations. Later, on November 23, 1976 the Board moved for summary judgment based upon the statute of limitations found within the Act, §40-23-18 (b). Summary judgment was denied. In due course the Board's motion to dismiss the amended complaint was also denied. The Board then answered the amended complaint, realleging its original defenses and adding the defense of the Statute of Frauds. On August 31, 1977 APCO served upon the Board a written notice for summary judgment on its amended three-count complaint. This motion was filed with the circuit court register who then set a hearing for September 16, 1977. Meanwhile discovery proceeded under Rules 33, 34 and 36, ARCP. APCO's answers to the Board's interrogatories were filed September 7, 1977, the day of trial.
On September 7, 1977 the Board moved under Rule 37 (a), ARCP to compel APCO to answer its Interrogatory No. 6. Although the trial court took the matter under submission, it never ruled on this motion. The court proceeded to hear argument on APCO's motion for summary judgment. At this point APCO orally moved in open court to limit the theory of its previously filed written motion for summary judgment to the first count of its complaint. Apparently the trial court granted this oral motion. Summary judgment was ordered on this unjust enrichment count by written entry on September 23, 1977. The Board had previously filed and served on September 9, 1977 a Rule 59 (e) Motion for Reconsideration. This motion was argued and taken under submission on October 21, 1977.
Notice of appeal from the summary judgment was filed January 13, 1978. APCO has moved this Court to dismiss the appeal as untimely in violation of Rule 4, ARCP. We disagree and hold the appeal was timely made.
This is the sequence of events central to our discussion of this motion:
 September 7, 1977: APCO's motion for summary judgment argued.
 September 8-9, 1977: Board's Motion for Reconsideration served, and filed in circuit court.
 September 23, 1977: Order granting summary judgment entered.
 October 21, 1977; Oral argument heard on Board's Motion for Reconsideration.
 January 13, 1978: Notice of appeal filed by Board in circuit court.
APCO argues first that the Board's Motion for Reconsideration filed September 9, 1977 was a nullity because at that point there was no order entered and thus nothing to reconsider, hence when judgment was entered on September 23, 1977 the Board had forty-two days in which to file notice of appeal and did not do so. While this argument has logical appeal it rests on the premise that the motion of September 9, 1977 was a nullity. In this they are mistaken. Rule 59 (e) directs that:
 [A] motion to alter, amend, or vacate a judgment shall be served not later than 30 days after entry of the judgment. (emphasis added) *Page 307 
It cannot then be argued successfully that the Board violated Rule 59 (e) in serving the motion early. APCO itself admits in brief that the trial court displayed an inclination to grant its motion for summary judgment on September 7, 1977. A motion is timely even though made before the entry of an order if the court has previously indicated the order which it will make. 9 Moore's Federal Practice, par. 204.12[4] at 962.
APCO cites Miller v. Shell Oil Co., 345 F.2d 891 (10th Cir. 1965), which held that a motion such as that filed here was not within the contemplation of any rule of procedure. However, the Tenth Circuit has reconsidered its position and now recognizes the validity of such a motion. See Director of Revenue,Colorado v. United States, 392 F.2d 307 (10th Cir. 1968).
Next APCO argues that even if it could have been viewed as a timely motion under Rule 59 (e), the pending motion for reconsideration was impliedly denied when the written order was entered September 23, 1977. We find the order of September 23, 1977 granting summary judgment to APCO did not impliedly deny the Board's 59 (e) motion. On October 21, 1977 a hearing was held before the trial court at which both parties participated, at the conclusion of which the court took the motion undersubmission. Those events do not imply a denial of the motion.Cf. Director of Revenue, Colorado v. United States, supra;United States v. Pan American World Airways, Inc., 299 F.2d 74
(5th Cir. 1962); Partridge v. Presley, 88 U.S.App.D.C. 298,189 F.2d 645 (1951) (motions for rehearings on new trials under 59 (b)). Partridge, cited with, approval in Director of Revenue,Colorado, supra, held that the entry of judgment without more
did not operate to overrule a motion, at least in the absence of a showing that a hearing was had on the motion or that the trial judge had consciously disposed of the matter raised by the premature motion. These cases are in keeping with the spirit of our rules. Rule 1, ARAP. Therefore, while we do not hold that an entry of final judgment cannot deny pending motions by appropriate language or actions of the trial court, we do hold that on these facts the motion was not denied by the September 23, 1977 entry of summary judgment. This result is consistent with the language of the rules. Rule 4 (a)(3), ARAP assures that a timely Rule 59 motion will toll the time for making an appeal until denied by entry of an order in response to the motion or by operation of law pursuant to Rule 59.1. That rule provides:
 No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.
Rule 4 (a)(3), ARAP provides that:
 The filing of a post-trial motion pursuant to Rules 50, 52 and 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal. . . . If such post-trial motion is deemed denied because of its pendency in the trial court for more than 90 days, as provided in Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1. . . . (emphasis added)
Unfortunately, neither side appropriately addressed the central issue of the date when the ninety-day period of Rule 59.1 began to run in this case. It appears that both sides assumed, erroneously, that the period began on the October 21, 1977 hearing date. This position ignores the obvious wording of the rules. It is plain that the Rule 59 (e) motion was filed by defendant September 9, 1977 and it is the filing *Page 308 
which tolls the time for taking the appeal. Thus, the ninety-day period of Rule 59.1 began the very next day on September 10, 1977 pursuant to Rule 6 (a), ARCP.
The defendant's novel argument that a new 59 (e) motion was made at the October 21, 1977 hearing on the September 9th motion for reconsideration is unsupported by the record. Hence, on December 8, 1977, ninety days from September 9, 1977 (not including September 9) the defendant's motion for reconsideration was denied by operation of law. The forty-two day period of Rule 4 (a), ARAP thus began the next day, December 9, 1977, and ended January 20, 1978. As defendant filed notice of appeal January 13, 1978 his appeal was timely.
Summary judgment may be granted only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Studdard v. South Central BellTelephone Co., 356 So.2d 139 (Ala. 1978); Water Works, Gas Sewer Board of the City of Oneonta v. Buchanan ConstructionCo., 294 Ala. 402, 318 So.2d 267 (1975); Birmingham TelevisionCorp. v. Water Works, 292 Ala. 147, 290 So.2d 636 (1974).
At the hearing on the plaintiff's motion for summary judgment the defendant admitted that there were no genuine issues of material fact as to Count One of the complaint. This is established by the trial court's memorandum opinion:
 [The Board] entered into able argument in opposition to the motion, but in so doing, admitted in open court that there were no genuine fact issues in connection with count one of the complaint.
Likewise, the plaintiff moved for summary judgment and therefore this Court on appeal is limited to deciding whether on the undisputed facts of this case the plaintiff was entitled to recover as a matter of law.
The heavy burden upon the movant in a motion for summary judgment is well settled. The Supreme Court in Poller v.Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486,7 L.Ed.2d 458 (1962) and other courts in cases before and since instruct the trial court to look at the record on summary judgment in the light most favorable to the party opposing the motion. Additionally on a plaintiff's motion for summary judgment based on the pleadings, allegations in the answer must be accepted as true. Day v. United Auto., Aerospace and Agr.Implement Workers of America, Local 36 of UMW, 466 F.2d 83 (6th Cir. 1972). Cf. McCombs v. West, 155 F.2d 601 (5th Cir. 1946) (unless by admissions, depositions, and other evidence introduced, it appears beyond genuine controversy otherwise).
The facts of this case show without dispute that APCO paid $14,482.68 to the Revenue Department in satisfaction of taxes allegedly incurred by the Board during the period of September 1, 1969 to June 30, 1972, including interest. These taxes stemmed from the Utility Gross Receipts Act, Alabama Code of 1975, § 40-21-80 et seq.
Section 40-21-82 of that Act levies a tax against every utility in this state which is determined by the application of rates against gross sales or gross receipts from the furnishing of utility services and which is computed monthly with respect to each person to whom utility services are furnished. This tax, however, is not a direct tax upon the utility but in the plain wording of the statute: ". . . shall be conclusively presumed to be a direct tax on the purchaser precollected [by the utility] for the purpose of convenience and facility only."Alabama Code of 1975, § 40-21-86. That same section prescribes the collection of the tax from the purchaser:
 Every person engaged in or continuing within the state of Alabama in the furnishing of utility services subject to the tax herein levied shall add to the price or charge for such utility services to every purchaser thereof an amount equal to the prescribed percentage of the gross price or gross charge therefor and shall collect said amount from every purchaser of such utility services. . . . The provisions of this section that the tax herein levied shall be collected from the purchaser *Page 309 
shall in no way relieve any utility of the tax herein levied; nor shall the inability, impracticability, refusal or failure so to collect from such purchaser the amounts provided herein relieve such utility of the tax herein levied. . . .
It is clear that while these provisions levy a tax upon the purchaser of utility services, it is the utility which is looked to for the collection and payment of the tax. APCO claims that the Board was unjustly enriched when APCO was required to pay to the Department those taxes levied upon the Board. The Board, however, claims that it fell within one of the Act's exclusions and therefore never owed the taxes APCO was required to pay to the Department. Specifically, the Board contends that it fell within Alabama Code of 1975, § 40-21-83
(4):
 There are hereby specifically excluded from the gross receipts or gross sales of a utility, upon which the tax herein levied is calculated, all portions thereof derived from the following:
. . . . .
 (4) The furnishing of electricity, natural gas or domestic water for use or consumption by anyone, including any person or utility, engaged in the sale or resale of any such utility services in the regular course of business, in or for the direct production, generation, processing, storage, delivery or transmission of electricity, natural gas or domestic water, including but not limited to loss or waste of electricity, natural gas or domestic water thereby; . . . .
The Board's answer to APCO's complaint further alleged that "[it] was and is a utility within the meaning of Section 1 of Act 21 [§ 40-21-80 (a)(7)]." This definitional section defines a "utility" as:
 Every person regularly engaged in furnishing utility services to another person or other persons in the state of Alabama. (emphasis added)
"Utility Services" as of September 1, 1969 was defined in § 188 (1) of Tit. 51, Ala. Code (1973 Cum.Supp.) (§ 40-21-80 (a)(8)) and includes "domestic water."
Previously in its answer to APCO's complaint the Board alleged:
 All or part of the electricity furnished to this defendant . . . were used in the direct production, generation, processing, storage, delivery or transmission of domestic water. . . .
Thus taking the allegations of the answer as true and finding nothing in the affidavits or discovery materials that alter our evaluation of those allegations we find that the Board was a utility which used the electricity furnished it in the production, etc. of domestic water and thus literally fell within the exclusion of § 40-21-83 (4) which specifically excludes from the gross receipts or sales upon which the tax is levied the portions of the gross sales or receipts derived from:
 The furnishing of electricity, . . . for use or consumption by anyone, including any person or utility . . . in or for the direct production, generation, processing, storage, delivery or transmission of . . . domestic water . . . .
(emphasis added)
This construction is strengthened by the presence within the section of exclusions of the immediately preceding provision which excludes wholesale sales, § 40-21-83 (3). Wholesale sale is defined in § 40-21-80 (a)(9):
 A sale or exchange of utility services by a utility to or with . . . any utility engaged in the resale of such utility services in the regular course of business. . . .
This, for example, would exclude sales of electricity (or other utility consummable) by a utility such as APCO, to a middleman, such as a rural cooperative, who then sells the electricity to the public. The presence of this provision stands in the way of an interpretation of the exclusion in § 4 as pertaining only to such a wholesale sale for resale transactions.
Therefore if no portion of the receipts derived from the Board should have been considered in the gross receipts upon which the tax is calculated, then those receipts could not be taxed. If that portion of receipts *Page 310 
could not be taxed then there could be no tax for which the Board was or is liable. Thus when APCO paid to the Department an amount which it mistakenly believed discharged a tax upon the Board, it did not confer a benefit and unjustly enrich the Board because there was no tax to be paid by the Board. The trial court was mistaken when it granted summary judgment because on the undisputed facts of this case APCO could not recover as a matter of law.
We feel compelled to note that the complex nature of the record, briefs and even the trial court's memorandum of decision may have stemmed from the complexity of the distinction between an issue of law and an issue of fact. In this instance the two are intertwined, in that while the Board's falling within the exclusion is a question of law, the information necessary to determine that issue is a factual matter. By moving for summary judgment the plaintiff in effect said these facts do not show the exclusion to apply. We hold that they do.
We must further note that in the pleadings, the affidavits, and the trial court's memorandum of decision there was a preoccupation with a declaratory judgment decree rendered in the circuit court. If APCO had intended to assert res judicata
as an issue on this appeal it has not clearly done so. That there may have been a relationship between that judgment and the exclusion issue of this case appears in a portion of the trial court's memorandum:
 [O]n or about November 3, 1972, the Board filed a declaratory judgment action against the State and other utilities seeking to have the Court declare it exempt from the provisions of the Alabama Utility Gross Receipts Tax Act. . . . After the conclusion of the lawsuit brought by the Board, which terminated in a final judgment adverse to the Board, the State, on October 2, 1975, filed and served a final assessment on The Power Company. . . .
However, this statement does not enable us to decide what issues were disposed of there, or their relationship to the issues of this case. Nor does the record in this case supply the information missing in the trial court's memorandum, although either party could have supplied the trial court, or this Court with a copy of the declaratory judgment. Therefore, we cannot determine whether the merits of that declaratory judgment proceeding as they pertained to the exclusion were resolved. Moreover, on this issue, the Board in response to APCO's request for admissions, stated that the declaratory judgment never reached the merits of the exclusion. On a motion for summary judgment such an answer is presumed to be true. Cf.Day v. United Auto., supra. Hence the judgment of the trial court must be reversed because summary judgment on these facts was not correct as a matter of law.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.