This is an appeal from the denial of plaintiff's motion for new trial and/or motion to vacate the judgment. We dismiss the appeal.
The facts of this case are not uncomplicated. In 1970 certain real property was deeded to plaintiff, Julia Thompson, by Rosa Jones. On April 18, 1972, however, Rosa filed a suit to set aside the deed. Thereafter a decree pro confesso was entered against Julia by the register in equity. Rosa died in 1973, and two years later on September 17, 1975 a substitution of parties was made pursuant to a motion by the present defendant, Johnnie Mae Keith, executrix of Rosa's estate. That same day a judgment was entered against Julia Thompson declaring the deed null and void.
The present action was brought two years later on April 15, 1977 seeking to set aside the earlier judgment. On November 10, 1977 the court entered judgment against plaintiff holding that a determination against plaintiff on the issue of service of process operated as a final determination of the matter.
On December 2, 1977 plaintiff filed a motion for new trial. At the January 10, 1978 hearing on that motion the plaintiff filed an amended motion for new trial and/or a motion to vacate the judgment. The motion for new trial was overruled that same day. No notice of that ruling was given to either party. Several weeks later the plaintiff discovered the January 10 ruling on that motion and asked the court to rule on the amended motion. The court obliged and overruled the amended motion. From the ruling denying the amended motion for a new trial the plaintiff appeals.
The following dates are pertinent to this discussion:
 November 10, 1977 — Final judgment adverse to plaintiff.
December 2, 1977 — Motion for new trial filed.
 January 10, 1978 — Hearing on pending motion. Amended motion for new trial and/or motion to vacate filed. Motion of December 2 shown by record to have been overruled.
March 1, 1978 — Amended motion overruled.
April 12, 1978 — Plaintiff filed notice of appeal.
The timely filing of the notice of appeal is a jurisdictional act. Holmes v. Powell, 363 So.2d 760 (Ala. 1978); Morris v.Merchants National Bank, 359 So.2d 371 (Ala. 1978); See Committee Comments to Rule 3, ARAP.
Rule 4 (a), ARAP provides in part:
 (1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the Supreme Court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of *Page 973 
the entry of the judgment or order appealed from. . ..
. . . . .
 (3) The filing of a post-trial motion pursuant to Rules 50, 52 and 59 . . . (ARCP) shall suspend the running of the time for filing a notice of appeal. In cases where post-trial motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. . . .
It is undisputed that the December 2, 1977 motion for new trial was timely made under Rule 59 (b), ARCP. Because it was a timely post-trial motion within the meaning of Rule 4 (a)(3), ARAP, the 42-day period of Rule 4 (a)(1) was tolled. Difficulties sometime arise over the fact that the 42-day period is not tolled indefinitely but begins to run again on the happening of certain events. For example, as we held inBoard of Water Sewer Commissioners of Mobile v. Alabama PowerCompany, 363 So.2d 304 (Ala. 1978) where there has been no entry of an order granting or denying an appropriate post-trial motion the period for appeal begins to run 90 days from the filing of the motion because at that point the motion is deemed denied by operation of law. Rule 59.1, ARCP. Where, however, there has been the entry of an order denying the post-trial motion then the period for notice of appeal begins to run at that point in time. The crucial issue then is at what point did the period for this appeal begin to run. This issue is complicated by the presence of the amended motion for new trial and/or motion to vacate the judgment.
The plaintiff's contentions concerning the "amended motion" are in essence two-pronged. On the one hand she argues that her motion of January 10 was an amendment to the already pending motion for new trial. On the other hand she appears to argue that the "amended motion" was a separate post-trial motion. In either case we hold that the 42-day period of Rule 4, ARCP began to run from January 10, 1978 and therefore the April 12, 1978 filing of the notice of appeal was untimely leaving us without jurisdiction to review. Holmes v. Powell, supra. This follows because if the motion for new trial of December 2, 1977 was amended by the "amended motion" on January 10, 1978 then, of course, when the motion was denied, the amendments to that motion were denied as well. The record shows that the pending motion of December 2, 1977 was overruled and denied by order entered on January 10, 1978. Therefore under Rule 4 the 42-day period would begin to run from that date. Counting then from the next day pursuant to Rule 6 (a), ARCP the period for timely appeal was exhausted on the 21st day of February, 1978. Clearly then, under this prong of plaintiff's assertion the appeal was not timely. As for the second possibility concerning the "amended motion" we need only direct the plaintiff to Rule 59 (b), (e), ARCP. That rule requires that a motion for new trial, and a motion to alter, amend or vacate a judgment be filed not later than 30 days after the entry of judgment. In this case judgment was entered on November 10, 1977. Therefore 30 days from that date the time in which to make a timely post-trial motion under this rule had run. As we have shown Rule 4 (a)(3), ARAP instructs that only a post-trial motion filed pursuant to Rules 50, 52, and as in this case, Rule 59 will toll the period for appeal. See also Seale v. Seale, 339 So.2d 1028
(Ala.Civ.App. 1976), cert. den. 339 So.2d 1029 (Ala. 1976). Here the only timely post-trial motion filed was the motion for new trial of December 2, 1978. Hence only that motion could affect the time for appeal and when that motion was denied on January 10, 1978 the period for appeal under Rule 4, ARAP began to run.
Plaintiff argues, though, that her motion to correct or modify the record and affidavits thereto pursuant to Rule 10 (f), ARAP establish that the motion as amended was not denied until March 1, 1978, 90 days from the filing of the December 2 motion for new trial, and that therefore the 42-day period began at that time. Rule 10 (f), ARAP provides: *Page 974 
 If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court. (emphasis added)
We do not find that plaintiff is aided by her motion under 10 (f) because it is apparent that the record was not corrected or changed to reflect that the motion was not overruled on January 10, 1978. What plaintiff has shown by use of her affidavits is merely that the trial court attempted to overrule on March 1, 1978 the same motion it had previously overruled on January 10, 1978 or a post-trial motion untimely filed under Rule 59, ARCP. That there was no notice to the parties of the January 10, 1978 denial of the motion is indeed regrettable, but this alone cannot affect the outcome of this case. Rule 77 (d), ARCP is specific on that point:
 Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect, based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time now provided for appeals in civil actions. (emphasis added)
The record does not show that appellant made the required showing of excusable neglect to the trial court or that the court extended the time period in which to make an appeal. But even if this had occurred the appeal would still have been untimely because 30 days added to the 42-day period which ended the 21st day of February would have only extended the period to March 23, 1978. As we have shown, however, plaintiff's notice of appeal was not filed until April 12, 1978 clearly beyond the time period of Rule 4, ARAP under this or any of the above set of circumstances. Accordingly, the appeal must be dismissed.
APPEAL DISMISSED.
JONES and SHORES, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur specially.