371 So.2d 19 (1979)
John E. HARRISON
v.
ALABAMA POWER COMPANY, a Corporation.
77-795.
Supreme Court of Alabama.
May 11, 1979.
*20 John E. Byrd, of Byrd, Carter & Smith, Dothan, for appellant.
John P. Scott, Jr., Birmingham, and G. M. Harrison, Dothan, for appellee.
BEATTY, Justice.
This is an appeal from a jury verdict in favor of defendant, Alabama Power Company (APCO). The appeal is dismissed.
The timely filing of notice of appeal under Rule 4[a][1], ARAP is a jurisdictional act. Thompson v. Keith, Ala., 365 So.2d 971 (1978); Holmes v. Powell, Ala., 363 So.2d 760 (1978). Unless the notice is filed within the applicable period of Rule 4, ARAP we are foreclosed from reaching the merits of the case. The facts surrounding the appellee's motion to dismiss this appeal do require inspection however. Those dates that are pertinent to our discussion follow:
 March 28, 1978 - Final Judgment.
 April 25, 1978 - Appellant files Rule 50 and/or
 59 post-trial motion.
 May 1, 1978 - Motion(s) set for hearing on
 May 9,1978.
 May 9, 1978 - General continuance of hearing
 granted by trial court.
 June 21, 1978 - Trial court sets hearing on posttrial
 motion(s) for August 9,
 1978.
 July 24, 1978 - Expiration of 90 day period under
 Rule 59.1, ARCP.
 August 9, 1978 - Court denies the motion(s).
September 4, 1978 - Expiration of 42 day period
 under Rule 4, ARAP.
September 20, 1978 - Notice of appeal filed.
Rule 4(a)(1), ARAP provides that the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. The running of this time period may be suspended however by the timely filing of a post-trial motion pursuant to Rules 50, 52 and 59, ARCP. It is undisputed in this case that the motion, or motions, of April 25, 1978 were timely and thus tolled the running of the 42 day period. The dispute in this case centers on the point in time at which the 42 day period once again began to run.
Rule 4[a][3], ARAP instructs that the 42 day period once suspended by the timely filing of a post-trial motion will begin to run again from the date that motion is granted, or denied by the court or operation of law. A post-trial motion is denied by operation of law when it is left pending in the trial court for more than 90 days without the express consent of all parties, which must be reflected by the record unless extended by the appellate court. Rule 59.1, ARCP. If the parties here had expressly consented on record to the pendency of the post-trial motion(s) for more than 90 days then the notice of appeal was timely, having been filed within 42 days of the August 9, 1978 denial of the motions. If, however, the record does not reflect the express consent of the parties to a longer period of pendency then the notice of appeal was not timely because it was filed more than 42 days from the date on which the motion(s) were deemed denied under Rule 59.1, ARCP. Thompson v. Keith, supra; Bd. of Water & Sewer Comm'rs. of the City of Mobile v. APCO, Ala., 363 So.2d 304 (1978). After a review of the parties' contentions and of the record we are compelled to hold that the latter situation exists in this case. This follows despite the appellant's contention that the agreement of the parties to a continuance of the hearing on the motion(s) reflected in the court's May 9, 1978 order, constitutes "express agreement" under Rule 59.1, ARCP. The consent or assent to a continuance of a hearing does *21 not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period. Such an argument was disposed of in Personnel Board for Mobile County v. Bronstein, Ala. Civ.App., 354 So.2d 8 (1977). There Judge Bradley wrote:
The language of Rule 59.1 requires express consent. And the law has long recognized a material distinction between "assent" and "consent," the former meaning passive or submissive conduct while the latter involves positive action. [citation omitted] In the instant case counsel for appellee did not take positive steps to express in a direct and unequivocal manner that he was willing to extend the 90 day period nor did his assent to the continuation of the proceedings constitute a waiver of the requirement of express consent.[1]
If we were to hold otherwise this Court often might be left to sheer guesswork in determining whether we had jurisdiction of a case. Further, it would in effect allow the very practice which Rule 59.1 was meant to end, that is the pendency of post-trial motionsand therefore the litigationfor indefinite periods of time. See State v. Wall, Ala., 348 So.2d 482 (1977). We hold therefore that the 42-day period of Rule 4, ARAP began to run on July 25, i.e., 90 days from the filing of the post-trial motion(s). The period within which notice of appeal would have been timely was therefore ended on September 4, 1978. Because the appellant's notice of appeal was not filed until September 20, 1978 we are without jurisdiction in this case.
APPEAL DISMISSED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
MADDOX and JONES, JJ., dissent.
MADDOX, Justice (dissenting).
Harrison, in opposition to the motion to dismiss his appeal as being untimely, has filed three affidavits, one by the Power Company attorney, one by the judge's secretary, and one by his attorney. Appendix A, B, and C. Each affiant states that the parties consented to the continuance of the Motion for Judgment Notwithstanding the Verdict and New Trial.
Rule 59.1 was designed to force the trial judge to rule on post-trial motions. It was not designed as a trap by which a party could "consent" to a continuance, and then raise, by motion to dismiss, that the appeal was not timely.
Admittedly, the rule requires that "consent (of all the parties) shall appear of record," but it does not say who is responsible for making sure the consent is in the record. Today's decision obviously places the responsibility on the appellant.
The judge's secretary stated in her affidavit that the May 9, 1978, Order in the record was the type she entered when all parties consented.
Rule 1, ARCP, states that the civil rules are to be construed "to secure the just, speedy and inexpensive determination of every action." I believe today's decision is too technical, and, therefore, unjust.
JONES, J., concurs.

EXHIBIT "A"
STATE OF ALABAMA,
HOUSTON COUNTY.
G. M. Harrison, being first duly sworn, deposes and says:
1. That I, G. M. Harrison, do hereby certify that I was and am an attorney for Alabama Power Company, Appellee, in the present appeal by John E. Harrison, Appellant, of a verdict rendered in the Circuit Court of Houston County, Alabama, on March 28, 1978. I was an Attorney of *22 Record in this case from the initial answer filed in response to his Complaint in the Trial Court through the hearing by the Trial Court of his Motion For Judgment Notwithstanding the Verdict and Motion For a New Trial.
2. I further certify that on or about May 8, 1978, I was contacted by Debbra Jennings, secretary to Honorable Forrest L. Adams, Circuit Judge of Houston County, Alabama, in regard to a hearing on a Motion For Judgment Notwithstanding The Verdict and Motion For a New Trial filed by John E. Harrison, Appellant, in the Trial Court, and which was set for hearing on May 9, 1978, at 11:00 A.M. Mrs. Jennings told me that Judge Adams was continuing to have problems with his current illness and would not be able to be in his office on May 9, 1978, to hear the Motions referred to herein. At that time, I consented to a continuance of the hearing on the Motion For Judgment Notwithstanding the Verdict and Motion For a New Trial and consented to the Court setting the hearing at a future date. Subsequently, I received notice of the new hearing date.
Dated this the 9th day of February, 1979.
 (s) G. M. Harrison
Subscribed and sworn to before me on this the 9th day of February, 1979.
 (s) Mary Jane Wells
 NOTARY PUBLIC
 My Commission Expires:
 7-16-81

EXHIBIT "B"
STATE OF ALABAMA,
HOUSTON COUNTY.
Debbra Jennings, being first duly sworn, deposes and says:
1. That I was a secretary to Honorable Forrest L. Adams, Circuit Judge, Twentieth Judicial Circuit on May 9, 1978.
2. That on or about May 9, 1978, I called G. M. Harrison and John E. Byrd about continuance of a Motion For Judgment Notwithstanding the Verdict and New Trial hearing set for May 9, 1978, at 11:00 A.M., wherein John E. Harrison was Plaintiff and Alabama Power Company was Defendant. I further remember a conversation with both attorneys about this continuance but do not clearly remember the substance of the conversations.
3. That I wrote the order that appears of record on May 9, 1978, wherein the case was continued generally as a result of my conversations with G. M. Harrison and John E. Byrd.
4. That I know this particular order would not have been written in the manner it was written unless and until both parties had been contacted and made some affirmative response to my call regarding the continuance.
5. That I know that this is the type Order (the May 9, 1978 order of record) that is written by Judge Adams when both parties request a continuance or when a continuance is consented to by both parties.
Dated this the 9th day of February, 1979.
 (s) Debbra Jennings
Subscribed and sworn to before me on this the 9th day of February, 1979.
 (s) Betty Sue Brown
 NOTARY PUBLIC
 My Commission Expires:
 7/6/81

EXHIBIT "C"
STATE OF ALABAMA,
HOUSTON COUNTY.
John E. Byrd, being first duly sworn, deposes and says as follows:
1. That I am the attorney of record for the Appellant, John E. Harrison, in Case Number 77-795, presently on appeal and before this Court. I further certify that I have represented the Appellant (Plaintiff) in this matter in the trial from the inception of the lawsuit to the present day.
2. I further certify that Debbra Jennings, secretary to Honorable Forrest L. Adams, Circuit Judge, Twentieth Judicial Circuit of Alabama, contacted me by telephone *23 on or about May 8, 1978, regarding a hearing on a Motion For Judgment Notwithstanding the Verdict and New Trial in the above referred to case in the Trial Court, which was set for hearing on May 9, 1978, at 11:00 A.M. Mrs. Jennings informed me that Judge Adams was having more trouble with his heart and that he could not be in to hear the motions and did I want them heard by another Judge or set on a subsequent date. I informed her that it would be perfectly alright with me if they were set forward because Judge Adams had heard the case and one of my motions was a Motion For Judgment Notwithstanding the Verdict and that would best be heard by the Judge who originally tried the case. I then explicitly informed her that she should call G. M. Harrison, the attorney for Appellee, as he must consent to a general continuance and to the Trial Court resetting the hearing when Judge Adams returned. I also told her to call me back and inform me if he consented to the general continuance and to the Court resetting the hearing date when Judge Adams returned to his office. Mrs. Jennings called me back and informed me that G. M. Harrison had consented, in behalf of the Appellee, to the general continuance and to the Trial Court resetting the hearing date when Judge Adams returned. She then informed me that she would write an Order to that effect, which she did and which is dated May 9, 1978, wherein the case was continued generally. Subsequent thereto, Judge Adams returned to active work and on June 21, 1978, I received an Order of the Court that the Motion For Judgment Notwithstanding the Verdict and New Trial would be heard on August 9, 1978, at 10:00 A.M. On August 9, 1978, the motions were heard and acted upon by Judge Adams.
Dated this the 12th day of February,
1979.
 (s) John E. Byrd
Subscribed and sworn to before me on this the 12th day of February, 1979.
 (s) Betty Sue Brown
 NOTARY PUBLIC
 My Commission Expires:
 7/6/81
NOTES
[1] We pretermit any discussion of that court's implication that a party might waive a jurisdictional requirement of this Court.