MADDOX, Justice.
This is an appeal from a summary judgment granted to the plaintiff in a suit on a promissory note. This action grew out of a dispute between the plaintiff, I. L. Lyons & Company, Ltd., and the defendant, R. Douglas Campbell. Lyons is a wholesale distributor of pharmaceutical goods and Campbell was, at the time of this dispute, the owner of a retail pharmacy. Lyons sued Campbell for the balance allegedly owed under the terms of a promissory note given by Campbell to Lyons. Campbell answered with a general denial and the affirmative defense of fraud in the inducement. Campbell also filed a counterclaim against Lyons, alleging breach of a contract to supply goods and fraudulent misrepresentation in promising supplies that Lyons did not intend to deliver.
After some discovery efforts by both sides, Lyons moved for summary judgment on both the original suit and the counterclaim. The circuit court entered an order granting summary judgment in favor of Lyons as to Campbell’s counterclaim for fraud on April 10, 1981. On May 7, 1981, Campbell moved for the court to vacate this summary judgment and reset the case for trial on the merits, citing portions of Campbell’s deposition and submitting an affidavit in support of his position. On May 22,1981, the court denied Campbell’s motion to vacate summary judgment. On May 29,1981, the court entered an order setting aside its order of May 22, 1981, denying defendant-appellant Campbell’s motion to vacate summary judgment and took the motion for summary judgment under submission. On June 4, 1981, the trial court entered an order setting aside its order of May 29, 1981, which set aside the trial court’s order of May 22, 1981. On July 16, 1981, defendant-appellant Campbell filed a second motion to vacate summary judgment and set trial on the merits. This final motion was denied on the same date, July 16, 1981.

Motion to Dismiss Appeal

Appellee argues that the effect of the June 4, 1981, order was to reinstate the denial of the motion to vacate on May 22, 1981, and that Campbell had 42 days from June 4, 1981, to file notice of appeal.
Defendant-appellant Campbell argues that the subsequent order of the trial court entered on July 16,1981, denying his second motion to vacate extended the time for him to appeal.
We agree with the appellee. Notice of appeal was not filed until August 27, 1981, more than 42 days after the entry of the June 4, 1981 order; therefore, the appeal must be dismissed. Stewart v. Younger, 375 So.2d 428 (Ala.1979); Harrison v. Alabama Power Company, 371 So.2d 19 (Ala. *68 1979); Thompson v. Keith, 365 So.2d 971 (Ala.1979).
APPEAL DISMISSED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.