Defendants appeal from a jury verdict for the plaintiff for $20,000.00, followed by plaintiff's filing a cross-appeal and a motion to dismiss the appeal. The case was heard by this Court on the motion and the merits. We grant the motion to dismiss, due to untimely filing of the notice of appeal under Rule 4 (a)(3), ARAP, and Rule 59.1, ARCP.
Plaintiff Causey purchased from defendants Spina a 70-year-old warehouse building in Birmingham for $107,800.00 on November 19, 1976. Certain warranties in the contract, but not contained in the deed, precipitated suit some two years later by the plaintiff against defendants for breach of warrant. Plaintiff also alleged misrepresentations by defendants made mistakenly, innocently, recklessly or willfully by the defendants to plaintiff in the sale of the building. The trial court directed a verdict for the defendants on the issue of fraud and misrepresentation, and on December 14, 1979, the jury returned a verdict in favor of the plaintiff for $20,000.00 on the breach of warranty claim. The defendants filed a motion for judgment notwithstanding the verdict on January 4, 1980. On January 9, 1980, the defendants filed a motion for new trial. These two motions were set on the trial court's docket, continued twice, and argued on March 7, 1980. The trial court did not rule on the motions within 90 days, nor did the parties expressly consent to the court's carrying the motions over beyond the 90 days (as provided by Rule 59.1), and 90 days elapsed from the filing of the post-trial motions. On May 27, 1980, defendants filed a Rule 60 (b), ARCP motion, citing excusable neglect on their part as grounds for relief from the Rule 59.1 denial of the post-trial motions. The trial court granted the 60 (b) motion on July 8, 1980, while denying both post-trial motions. On August 19, 1980, defendants filed an appeal from the jury verdict. On August 29, 1980, plaintiffs filed a cross-appeal from the directed verdict. Finally, on October 15, 1980, plaintiffs filed a motion to dismiss the appeal as untimely.
To recapitulate the pertinent facts and dates, the following timetable is helpful:
December 14, 1979 — Final judgment
 January 4, 1980 — Defendant files motion for judgment notwithstanding the verdict
 January 9, 1980 — Defendant files motion for new trial
March 7, 1980 — Motions argued
 April 3, 1980 — Expiration of 90-day period for Rule 50 motion
 April 8, 1980 — Expiration of 90-day period for Rule 59 motion
 May 20, 1980 — Expiration of 42-day period under Rule 4
 May 27, 1980 — Defendant files Rule 60 (b) ARCP motion directed to Rule 59.1, ARCP denial of post-trial motions
 July 8, 1980 — Court denies Rule 50 and Rule 59 motions. Court grants Rule 60 (b) motion
August 19, 1980 — Defendant files notice of appeal. *Page 201 
Based on these facts, we have no alternative but to grant the motion to dismiss the appeal for lack of jurisdiction. The rules of procedure, as well as case law, clearly support this decision.
Timely filing of an appeal is jurisdictional and "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2 (a)(1), ARAP. Under the rules, the time for taking an appeal from a final judgment is forty-two days after that judgment is entered. The filing of post-trial motions may suspend the time for taking an appeal, but with the express limitations and requirements of Rule 59.1, ARCP and Rule 4, ARAP.
Rule 59.1, ARCP, was enacted to "remedy any inequities arising from failure of the trial court to dispose of post-trial motions for unduly long periods." Committee Comments, Rule 59.1, ARCP. This Court interpreted this rule inCoosa Marble Co., Inc. v. Whetstone, 294 Ala. 408,318 So.2d 271 (1975), as follows:
 Under Rule 59.1, a motion for new trial shall not remain pending in the trial court for more than 90 days, without the express consent of all the parties, or unless extended by the appellate court to which an appeal of the judgment lies. A failure of the trial court to dispose of the motion within the 90 days constitutes its denial on the expiration of that period. . . .
Here, the latter of the two post-trial motions was filed on January 9, 1980; therefore, the last day for the trial judge to grant or deny the motion was April 8, 1980. The judge did not act on either motion in the prescribed time limit; therefore, both motions are deemed denied by operation of law.
The denial of the post-trial motions under 59.1 has a clear effect on the time for taking an appeal, which is set out in Rule 4 (a)(3), ARAP, as follows:
 (3) The filing of a post-trial motion pursuant to Rules 50, 52 and 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal. In cases where post-trial motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-trial motion is deemed denied because of its pendency in the trial court for more than 90 days, as provided in Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.
In this case, the last day for filing a timely appeal from the final judgment would have been May 20, 1980. The filing of an appeal some eight months after the final judgment and some three months after the expiration of the prescribed time limit is clearly untimely and fails for lack of jurisdiction. SeeHarrison v. Alabama Power Company, Ala., 371 So.2d 19 (1979).
The timeliness of filing the notice of appeal is a jurisdictional act, Thompson v. Keith, Ala., 365 So.2d 971
(1978); see Holmes v. Powell, Ala., 363 So.2d 760 (1978);Morris v. Merchants National Bank, Ala., 359 So.2d 371 (1978); therefore, the August 19, 1980 filing of the appeal leaves us without jurisdiction to review. Holmes v. Powell, supra. That being the case, we need not address other issues raised.
The motion to dismiss the appeal is granted; the cross-appeal is likewise due to be dismissed.
APPEALS DISMISSED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 202