We granted certiorari in this case to determine the effect of Rule 59.1, Alabama Rules of Civil Procedure, when different versions of a post-trial motion are filed at different times. We reverse and remand to the Court of Civil Appeals,435 So.2d 1283, for further proceedings.
The facts are fully disclosed in the opinion of the court below. Petitioner argues before us that the December 18 "amendment" was in reality a new motion and that *Page 1286 
the 90-day period of Rule 59.1 [1] should be applied separately for each motion, as was done in Spina v. Causey, 403 So.2d 199
(Ala. 1981). In that case, which was not cited to the Court of Civil Appeals, the losing parties filed a motion under Rule 50 for judgment notwithstanding the verdict. Five days later the same parties filed a motion under Rule 59 for a new trial. Since both motions were filed within 30 days of the judgment, making each timely under Rules 50 and 59, we applied the 90-day time limit separately to each motion, concluding that the trial court "did not act on either motion in the prescribed time limit." Id. at 201. See also Thompson v. Keith, 365 So.2d 971,973 (Ala. 1978) (if an "amended motion" filed more than 30 days after judgment is considered as a separate motion, then it is untimely and cannot serve to commence a new 90-day period).
Cleveland Consolidated, Inc. (Cleveland), properly urges that we consider the substance of the December 18 pleading, not its form as an amendment. According to Cleveland, the substance of this second pleading is a separate motion because it contains a different ground for the relief sought. We disagree. The motion under Rule 59 filed December 8, 1981, sought a new trial or alternatively an amendment of the judgment based on several grounds, including a claim that at least part of Patton's disability was attributable not to his employment with Cleveland but to injuries occurring both before and after that employment. Ten days later Cleveland filed the December 18 "amendment," which reads as follows:
 "Comes now Cleveland Consolidated, Inc., a corporation, defendant in the above styled cause and amends its motion for new trial and for amendment of judgment by addition of the following:
 "(1) Defendant has now discovered evidence to the effect that Thomas O. Patton filed in the Circuit Court of Etowah County, Alabama, a suit for compensation growing out of an injury while employed with Sanford Construction Company in civil action no. 20-568 on January 15, 1974, and that there was an Agreement of Parties, Findings of Facts, and Law Conclusions and Agreed Judgment entered in said Court resulting in a prior injury to plaintiff's back which at that time resulted in a 20% permanent partial disability to the body as a whole, causing the plaintiff to suffer a 20% loss in his ability to earn in his disabled condition. A judgment in this case was entered on July 22, 1975, by the Honorable George Murphy. A copy of said pleadings being attached hereto as Exhibit A.
 "Defendant formally requests the Court to take judicial knowledge of this case and its findings insofar as the same pertain to the present disability of the plaintiff. This information was discovered on Thursday, December 17, 1981."
Although petitioner urges this Court to consider its respective motions as different in substance, we believe the Court of Civil Appeals was correct in viewing the motion of December 18 as an amendment to petitioner's motion for a new trial which was filed on December 8. Such a conclusion, however, does not require a finding adverse to the petitioner's cause. For the purposes of Rule 59.1, petitioner could have filed its post-trial motion at any time within 30 days after judgment. The fact that it had filed an earlier motion for a new trial on December 8 did not render the amendment, filed on December 18, untimely. Either motion could have been filed later, in fact, up to 30 days after judgment. Rule 59.1 affects only the length of time certain post-trial motions may remain pending in the trial *Page 1287 
court. Therefore, when petitioner filed his timely amendment on December 18, it was then pending, and the time under Rule 59.1 began to run from that date. The trial court's March 10 amended judgment was well within the 90-day period following December 18. Accordingly, that judgment was timely. Cf. Thompson v.Keith, 365 So.2d 971 (Ala. 1978) (amended motion for new trial filed more than thirty days after judgment did not postpone the running of time under Rule 59.1). See also Alabama Farm BureauMut. Cas. Ins. Co. v. Boswell, 430 So.2d 426 (Ala. 1983).
Having found the appeal timely, we must remand this cause to the Court of Civil Appeals to enable that Court to consider the other issues presented by the appeal. It is so ordered.
REVERSED AND REMANDED.
All the Justices concur.
[1] Rule 59.1: "No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."