L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced on April 16, 1990. On May 16, 1990 the husband filed a “Motion to Reconsider/Rule 59 Motion to Alter, Amend, or Vacate Certain Portions of Judgment of Divorce.” Following a hearing, the posttrial motion was denied on August 20, 1990. On October 22, 1990 the husband, appearing pro se, filed a “Motion to Reconsider/Rule 59 Motion to Alter, Amend, or Vacate Certain Portions of Judgment of Divorce and/or Notice of Belated Appeal.” The wife, questioning the timeliness of the posttrial motion, filed a motion to strike. The trial court granted the wife’s motion on November 13, 1990. On December 4, 1990 the husband filed notice of appeal from the entry of the divorce decree rather than from the order granting the motion to strike the last post-judgment motion.
The dispositive issue is whether this case is due to be dismissed for failure to file a timely notice of appeal from the judgment of divorce.
Rule 4 of the Alabama Rules of Appellate Procedure provides that an appeal must be taken within 42 days after a final judgment. On August 20, 1990 the *1147 trial court denied the husband’s initial post-trial motion. The trial court did not, however, have the authority to enter such an order. Rule 59.1, Alabama Rules of Civil Procedure, provides that a motion for new trial may not remain pending in the trial court for more than 90 days unless it is shown in the record that the parties consented to an extension of time or unless the appellate court grants such an extension for good cause. The record does not reflect that the parties consented to extend the 90-day period, nor does it show that this court granted an extension. Accordingly, the motion was denied by operation of law on August 14, 1990. The time for an appeal from the judgment expired 42 days later, on September 25, 1990. The husband’s second posttrial motion did not suspend the running of the time for appeal, as the trial court lacked the jurisdiction to entertain the motion. Ex parte Dowling, 477 So.2d 400 (Ala.1985). Because the husband’s second posttrial motion was not supported by any new evidence, but was based on the same allegations and contentions as previously considered by the trial court, we decline to construe the second posttrial motion as a Rule 60(b), A.R.Civ.P., motion. Ex parte Dowling.
The time for appeal expired on September 25, 1990. The husband filed his notice of appeal more than two months after that date. We have no alternative but to dismiss this appeal as untimely filed. As a sanction for filing a frivolous appeal, the wife is awarded the sum of $500 as damages, said sum to be paid into the circuit court under Rule 38, A.R.App.P.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.