ROBERTSON, Presiding Judge.
Mary Elizabeth Lyman (the “wife”) appeals from a judgment of divorce entered by the Circuit Court of Coffee County. We dismiss her appeal as untimely.
The record contains numerous miscellaneous and repetitive filings. However, we note the following facts and procedural matters pertinent to this appeal. The wife and Robert Scott Lyman (“the husband”) were married in January 1990. There were no children born of the marriage; however, the wife has a minor child from a previous marriage. On August 29, 1996, the wife filed for divorce on the grounds of incompatibility of temperament. The husband counterclaimed for a divorce on three separate occasions, alleging facts not relevant on appeal.
Following ore tenus proceedings on March 6 and May 21, 1998, the trial court entered a final judgment of divorce on May 21, 1998. The trial court’s divorce judgment was stamped as filed by the Coffee County Circuit Clerk on May 21, 1998, and an entry on the case action summary sheet states: “5/21/98 — Decree of Divorce.” The record also contains another copy of the judgment of divorce, identical in every aspect to the judgment filed on May 21, 1998, except for a clerk’s date stamp showing the date of May 28, 1998. There is also an entry in the case action summary stating, “5/28/98 — Orig. Decree, cc: attys.” The wife filed a post-judgment motion requesting a new trial on June 29, 1998, which the trial court purported to deny on July 7, 1998. The wife filed her notice of appeal to this court on August 18, 1998.
While neither the husband nor the wife has questioned this court’s appellate jurisdiction, we must consider whether we have'jurisdiction over this appeal, because “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). See also Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App.1997).
*1160 Initially, we look to the timeliness of the wife’s post-judgment motion. Rule 59, Ala.R.Civ.P., requires that a post-judgment motion be filed “not later than thirty (30) days after the entry of the judgment.” “A judgment is effective at the time of its notation in the civil docket or its notation on separately maintained bench notes or upon the filing of a separate judgment or order.” Rule 59, committee comments (emphasis added). In Lacks v. Stribling, 406 So.2d 926 (Ala.Civ.App.1981), this court stated:
“A separate judgment may be signed by the trial judge, but it is not effective until he authorizes that it be filed with the clerk or register, even if the filing date is several days, weeks or even months later than the date reflected on the judgment. When a separate judgment is filed, the filing thereof constitutes the entry of the judgment and would take preference over an additional attempted entry thereof by the clerk or register by any other method of entering authorized by Rule 58(c).... ”
406 So.2d at 930.
Accordingly, the judgment of divorce in this case was entered when it was initially filed in the clerk’s office on May 21, 1998, and its re-filing on May 28, 1998, was simply a duplication. The wife acknowledges this fact in her notice of appeal, which states, in pertinent part:
“Notice is hereby given that Mary Elizabeth Lyman appeals to the above-named court from the judgment of divorce entered in this case on the 21st day of May, 1998....” (Emphasis added).
Additionally, the trial court’s order directing the Circuit Clerk to supplement the record states, in pertinent part:
“The case action summary is confusing on some aspects in that there is some overlap and possibly some duplications but should not be changed ... Omissions on the case action summary or items listed ‘out of order’ may be administrative errors but notations or additions to the case action summary should not be made at the present time.... ”
Thus, pursuant to Rule 59, Ala.R.Civ.P., the wife had 30 days from May 21, 1998, to file her post-judgment motion. The wife’s post-judgment motion, filed on June 29, 1998, came 39 days after the final judgment was entered. Thus, the wife’s post-judgment motion was untimely. An untimely post-judgment motion does not toll the running of the 42-day period for filing an appeal. Burton v. Burton, 710 So.2d 1257 (Ala.Civ.App.1997); Greer v. Greer, 516 So.2d 719 (Ala.Civ.App.1987).
In the absence of a timely post-judgment motion, this court may exercise jurisdiction in an appeal only if the notice of appeal is filed within 42 days from the date the final judgment was entered. Rule 4(a)(1), Ala.R.App.P. See also Franklin v. Franklin, 582 So.2d 1146 (Ala.Civ.App.1991). The record indicates, however, that the wife’s notice of appeal was filed on August 18, 1998, 89 days after the final judgment was entered. Rule 2(a)(1), Ala.R.App.P., provides that “an appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Moreover,
“ ‘Filing of the statutory notice of appeal with the circuit court is necessary to perfect the appeal and is therefore jurisdictional. We have no alternative but to find that an appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the court.’ ”
Van v. Mobile County Personnel Bd., 705 So.2d 465, 466 (Ala.Civ.App.1997) (quoting Moutry v. State, 359 So.2d 388, 390 (Ala.Civ.App.1978)). Accordingly, the wife’s appeal is due to be, and is hereby dismissed.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.