Ashley Brown, the wife, appeals from the custody provisions of a final judgment of divorce. We dismiss the appeal because it is untimely.
The couple was married in November 1992. Two children were born of the marriage. In December 1999, Royce Brown, the husband, filed simultaneously a complaint for divorce and an instanter motion seeking custody of the two children, alleging that the mother was incapable of caring for them because, he claimed, she suffered from depression and was experiencing thoughts of suicide. The trial court awarded the fatherpendente lite custody and allowed the mother liberal daytime visitation during the pendency of the divorce proceedings.
The trial court entered a final judgment of divorce on April 26, 2000, in which it awarded custody to the father, with reasonable visitation to the mother. On May 16, 2000, the mother filed a postjudgment motion in which she claimed that the trial court had erred to reversal in finding that the husband's allegedly abusive conduct had not triggered the rebuttable presumption set forth in the Custody and Domestic or Family Abuse Act at § 30-3-130, Ala. Code 1975. This postjudgment motion was denied by operation of law on Monday, August 14, 2000. See Rule 59.1, Ala.R.Civ.P. On August 15, 2000, the day before the motion was set for a hearing, the attorney for the husband moved to continue the date set for the hearing, stating in his motion that he "waive[d] any requirement that the [wife]'s Motion to Alter, Amend or Vacate be denied if not ruled upon in ninety (90) days." However, when the husband filed his motion, the wife's postjudgment motion had already been denied by operation of law on the preceding day. Therefore the purported waiver had no effect.
In addition, the waiver was executed only by the attorney representing the husband. Rule 59.1, Ala.R.Civ.P., clearly provides that "[n]o post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record." The husband's motion can certainly be construed as an express consent by him to extend the time set by Rule 59.1, Ala.R.Civ.P., for a ruling on the motion. However, the record reflects no express consent on behalf of the wife to extend the time for ruling on her postjudgment motion. Rule 59.1, Ala.R.Civ.P., specifically requires "express consent of all the parties, which consent shall appear of record" (emphasis added). The document filed by the husband's attorney was deficient both because it was filed outside the 90 days during which the postjudgment motion could remain pending, pursuant to Rule 59.1, and also because it reflected only one party's express consent to an extension of the time for ruling on the motion.
Subject to certain exceptions that are not applicable here, Rule 4(a)(1), Ala.R.App.P., requires that the notice of appeal be filed within 42 days of the entry of the challenged judgment. Rule 4(a)(3), Ala.R.App.P., provides that the filing of a postjudgment motion made pursuant to *Page 42 
Rule 59 may toll the running of the time for filing a notice of appeal until (1) the motion is ruled upon by the court, or (2) the date the motion has been denied by operation of law pursuant to Rule 59.1, Ala.R.Civ.P. The wife filed a notice of appeal on November 11, 2000, 89 days after her postjudgment motion had been denied by operation of law — well beyond the expiration of the 42-day period permitted for filing a notice of appeal. We conclude that the notice of appeal was untimely filed. Although neither party has argued this issue to this court, "`[t]he timely filing of a notice of appeal is a jurisdictional act.'" Allen v. Independent Fire Ins. Co., 743 So.2d 490, 492
(Ala.Civ.App. 1999) (quoting Rudd v. Rudd, 467 So.2d 964, 965
(Ala.Civ.App. 1985)). Further, "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex meromotu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)). The failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal. Id.
On October 25, 2000, the trial court entered an order purporting to deny the wife's postjudgment motion. However, the trial court lacked jurisdiction to enter this order; therefore, it was a nullity. SeeBorders v. Borders, 702 So.2d 147 (Ala.Civ.App. 1997).
The appeal is dismissed as untimely.
DISMISSED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.