Raymond F. Crawford, Jr. ("the husband"), and Patricia Ann Crawford ("the wife") were divorced after 30 years of marriage. The husband, a former railroad employee, is disabled and draws both disability benefits and railroad retirement benefits. The wife sought, and the trial court awarded her, a portion of the husband's railroad retirement benefits. The *Page 1168 
trial court's judgment awards the wife "33 1/3% of the husband's railroad retirement." It further states that "[t]he husband shall immediately begin paying 1/3 of all railroad retirement benefits received by him to the wife."
When the husband began paying the wife one-third of only a portion of his railroad retirement benefits, the wife objected and filed a motion to show cause. The husband responded to that motion, arguing that45 U.S.C. § 231m(a), as construed by the United States Supreme Court inHisquierdo v. Hisquierdo, 439 U.S. 572 (1979), prohibits the division of a portion of his railroad retirement benefits, known as Tier I benefits. The husband further explained that he was paying one-third of the divisible benefits, known as Tier II benefits, to the wife. Because the wife's motion was not a postjudgment motion that would toll the time for taking an appeal, the husband appealed the trial court's divorce judgment.
The husband argues on appeal that the trial court's judgment, insofar as it purports to award the wife one-third of all of his railroad retirement benefits, violates 45 U.S.C. § 231m(a). The wife concedes that an award to her of any of the husband's Tier I benefits is prohibited by federal law. However, she argues that the trial court's judgment awarding her one-third of the husband's retirement benefits may properly be construed to award her an amount out of the husband's Tier II railroad retirement benefits and his disability benefits equal to one-third of all of the husband's retirement benefits. The wife's construction of the trial court's judgment would allow her to receive 100% of the husband's Tier II benefits. The husband, in his reply brief, answers the wife's argument by pointing out that such a construction would violate Alabama law. See Ala. Code 1975, § 30-2-51(b)(3) (restricting the award of retirement benefits to no more than "50 percent of the retirement benefits that may be considered by the court").
To adequately understand the issue presented, we must first understand the husband's railroad retirement plan and the history behind the Tier I and Tier II benefits.
 "Retirement benefits for railroad employees are governed by federal statute. . . . [A] railroad employee . . ., upon retirement, is entitled to benefits under the Railroad Retirement Act of 1974, (hereinafter the `Act') 45 U.S.C. § 231 et seq. The Act's scheme provides for two tiers of benefits which resemble both a private pension program and a social welfare plan. Tier I benefits are equivalent to those the employee would receive if covered by the Social Security Act, 42 U.S.C. § 401 et seq. See 45 U.S.C. § 231a(a)(1) and § 231b(a)(1). Tier II benefits are supplemental annuities which, like a private pension plan, are tied to earnings and career service. See 45 U.S.C. § 231a(b) and § 231b(e).
 "In Hisquierdo v. Hisquierdo, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) the United States Supreme Court considered whether an award of railroad retirement benefits to a spouse when dividing marital assets upon divorce was prohibited by the Act. The United States Supreme Court held that 45 U.S.C. § 231m specifically prohibited the division of benefits payable under the Act as property in a divorce. However, in 1983, Congress provided an amendment to § 231m which expressly permits
characterization of Tier II benefits as property subject to distribution upon divorce. See 45 U.S.C. § 231m(b)(2). Notwithstanding the 1983 amendment, the holding in Hisquierdo is still controlling with respect to Tier I benefits. See Syl. Pt. 1, in part, McGraw v. McGraw, *Page 1169 186 W. Va. 113, 411 S.E.2d 256 (1991) (`The Railroad Retirement Act of 1974, 45 U.S.C. § 231m, expressly precludes from consideration as divisible marital property the basic railroad retirement annuity, which provides benefits equivalent to benefits under the Social Security Act.')."
Pearson v. Pearson, 200 W. Va. 139, 146-47, 488 S.E.2d 414, 421-22 (1997) (footnotes omitted).
The trial court's judgment in the present case awards the wife one-third of "all" of the husband's retirement benefits. As the wife concedes, the husband's Tier I benefits are not, pursuant to federal law, divisible as part of a property settlement. Despite the wife's urging, we see no need to construe the unambiguous language of the trial court's judgment to permit the wife to receive 100% of the husband's Tier II benefits.[1] Instead, we reverse the trial court's erroneous award of a percentage of "all" of the husband's railroad retirement benefits, and we remand the cause for the trial court to, in accordance with45 U.S.C. § 231m, Hisquierdo, and § 30-2-51(b), consider only those retirement benefits subject to division in fashioning an award to the wife of a portion of the husband's retirement benefits.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
[1] In addition to such an approach violating § 30-2-51(b)(3), we note that in Hisquierdo the United States Supreme Court considered and dismissed a similar approach as being in violation of 45 U.S.C. § 231m.Hisquierdo, 439 U.S. at 588 (rejecting a wife's request for an "offsetting award of presently available community property to compensate her for her interest in [her husband's] expected benefits"). See Kendallv. Kendall, 106 Mich. App. 240, 243-44, 307 N.W.2d 457, 459 (1981), and the cases cited therein for the proposition that "railroad retirement benefits are not part of the marital estate and cannot be considered `directly or indirectly' in the distribution of property."