904 So.2d 289 (2003)
Brenda T. BODENHAMER
v.
George Randall BODENHAMER.
George Randall Bodenhamer
v.
Brenda T. Bodenhamer.
No. 2020479.
Court of Civil Appeals of Alabama.
December 5, 2003.
Rehearing Denied January 30, 2004.
*290 Claude D. Boone, Mobile, for appellant/cross-appellee Brenda T. Bodenhamer.
Stephen P. Johnson of Brackin, McGriff & Johnson, P.C., Foley, for appellee/cross-appellant George Randall Bodenhamer.
CRAWLEY, Judge.
Brenda T. Bodenhamer ("the wife") appeals from a judgment divorcing her from George Randall Bodenhamer ("the husband"). The trial court entered a judgment of divorce on March 18, 2002, and then, in response to two postjudgment motions filed by the husband, the court entered an amended judgment of divorce on January 16, 2003.
Initially, the wife argues that the trial court had no power to amend the original judgment because, she says, the court had lost jurisdiction to rule on the husband's postjudgment motions. In the alternative, she argues that, in the amended judgment, the trial court made an inequitable division of the marital assets and abused its discretion in failing to award her periodic alimony. The husband cross-appeals, maintaining that the trial court erred by awarding the wife all of the proceeds of his individual retirement account and his 401(k) account. We conclude that the trial court had jurisdiction to enter the amended judgment; nevertheless, we conclude that the amended judgment must be reversed and the cause remanded for further proceedings.
The parties married in 1975, separated in 1999, and were divorced in 2002 after 27 years of marriage. The trial court granted the divorce on the grounds of incompatibility and adultery by the husband. The wife, who was 48 years old at the time of trial, has a bachelor of science degree in biology and one additional year of training as a certified medical technologist. The wife was employed as a medical technologist for the first 10 years of the marriage. She quit work in 1985, after a brief romantic interlude with a coworker, in order to care for the parties' only child, who had reached the age of majority at the time of trial. The parties separated in 1999, after the husband announced that he was having an affair with another woman. After the parties separated, the wife went back to work as an assistant in a physician's office. At the time of trial, she was earning $8.78 per hour. Her net monthly income was $1,024.24. The evidence tended to show that if the wife were retrained and recertified as a medical technologist, she could earn between $12 and $18 per hour.
The husband is employed by Young's Realty, Inc., and he owns 49 percent of the stock in that corporation. The testimony at trial regarding the value of the husband's interest in Young's Realty was in conflict; the testimony as to the value ranged from a high valuation of $860,000 by the wife's expert to lower valuations by the husband's two experts of $225,400 and $170,000, respectively. The husband testified that he estimated his interest in the business to be worth between $171,500 and $245,000. The husband also owns 100 percent of the stock in two other businesses: Island Recreational Services and Bodenhamer, *291 Inc. His monthly gross income is approximately $6,000.
The trial court awarded the husband all of his stock in the three businesses. The trial court awarded the wife one-half of the value of Island Recreational Services and Bodenhamer, Inc.  amounts which the trial court determined to be $71,000 and $60,000, respectively  and ordered the husband to pay that award to the wife at the rate of $1,000 per month. The wife was awarded no portion of the value of the husband's 49 percent interest Young's Realty.
The wife was awarded the marital home valued at $160,000, and the husband was ordered to pay the mortgage indebtedness of $85,000 on the house. The court also awarded the wife a 1999 Mercedes-Benz automobile valued at $37,950, on which there was no indebtedness; her jewelry;[1] cash in the amount of $16,139; all of the proceeds of the husband's retirement accounts, totaling $25,476; three insurance policies on the husband's life, one of which had a cash value of $6,903; and antiques, furniture, and personal and household items worth approximately $62,650. The wife was also awarded a $5,000 attorney fee. Taking the lowest estimate of the value of the wife's jewelry, the property awarded to the wife totals $465,118.
The husband was awarded the three vehicles in his possession  a 2000 Chevrolet Corvette valued at $42,545, a 2000 Chevrolet Tahoe valued at $26,708, and a 1957 Chevrolet valued at $30,000; his stock in the three businesses, worth a total of $458,500; cash in the amount of $16,139; and antiques, tools, and personal items worth $72,450. The property awarded to the husband totals $646,342. Subtracting from that award the indebtedness of $216,000 that the husband was required to pay (the home mortgage indebtedness and the payments to the wife for one-half the value of Island Recreational Services and Bodenhamer, Inc.), the husband's net award was $430,342.

I.
The wife argues that the trial court did not have jurisdiction to rule on the husband's postjudgment motions because, she says, by the time the court purported to rule on those motions, they had already been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Rule 59.1 states:
"No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
On March 18, 2002, the trial court entered a judgment of divorce. On March 26, the husband filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P. On April 4, the husband filed an amendment to his Rule 59 motion. The ninetieth day from the filing of the husband's original Rule 59 motion was June 24. The ninetieth day from the filing of the husband's *292 amended Rule 59 motion was July 3.[2]
The trial court set the husband's motions for a hearing on June 18. On June 18, the husband moved to extend the time for ruling on his postjudgment motions, alleging that both parties had agreed to an extension and attaching a letter from the wife's attorney that stated, "I agree to extend the ninety (90) day period for the hearing on your motion in the above-referenced matter." On June 18, the trial court executed a separate document (and the clerk noted on the case action summary sheet the existence of an order) stating that
"because both parties have consented to the extension of time allowed under Rule 59.1 of the Alabama Rules of Civil Procedure, the court grants the [husband's] motion to extend time to rule on this motion until such time as the court may set the same for a hearing and may thereafter be ruled upon by the court."
First, the wife claims that the letter from her attorney did not constitute express consent to an extension of the 90-day period. Citing Brown v. Brown, 808 So.2d 40 (Ala.Civ.App.2001), the wife argues that her attorney consented only to extend the date for a hearing on the husband's motions and not to extend the time for the court to rule.
Brown is inapt. In that case, the document that was alleged to have constituted a waiver of the requirement that a postjudgment motion, if not ruled on within 90 days, be denied, "reflected only one party's express consent to an extension of the time for ruling on the [postjudgment] motion." 808 So.2d at 41. See also Harrison v. Alabama Power Co., 371 So.2d 19, 20-21 (Ala.1979)(holding that "consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period"); Personnel Bd. for Mobile County v. Bronstein, 354 So.2d 8, 9 (Ala.Civ.App.1977)(noting that, "at no point in the letter did the appellee's lawyer expressly consent to extend the 90 day period"). Here, however, the letter from the wife's attorney clearly demonstrates the wife's assent to "extend the ninety (90) day period."
Second, the wife claims that the trial court's order purporting to extend the time to rule on the husband's postjudgment motions was not "of record" before the expiration of the 90-day period. "Any extension of th[e] 90-day period must be of record before the 90-day period expires, because any purported extension after the 90 days is a nullity." Ex parte Caterpillar, Inc., 708 So.2d 142, 143 (Ala.1997); Scheilz v. Scheilz, 579 So.2d 674 (Ala.Civ.App.1991). Citing Ex parte Caterpillar, the wife argues that, because the trial court's order granting the extension was stamped "FILED" by the circuit clerk's office on June 28, there was no extension "of record" before June 24, the date the 90-day period for the husband's original postjudgment motion expired. We disagree.
The extension of the time for ruling on the husband's motions was "of record", within the meaning of Rule 59.1, on June 18, because that is the date the husband filed his motion to extend the time for ruling and attached to that motion the letter from the wife's attorney agreeing to the extension. The trial court's June 18 entry on the case action summary sheet *293 and the trial court's written order, which was stamped "FILED" by the circuit clerk's office on June 28, purporting to "grant" the extension merely reflected what had already occurred between the parties: an agreement to extend the 90-day period of Rule 59.1. Rule 59.1, by its terms, allows for an extension of the 90-day period only upon express consent of the parties or "by the appellate court to which an appeal of the judgment would lie." See Alabama Elec. Co. v. Dobbins, 744 So.2d 928, 930 (Ala.Civ.App.1999) (stating that "there is no mechanism whereby the trial court may unilaterally extend the 90-day period set forth in Rule 59.1" (footnote omitted)).

II.
The husband is correct that the trial court erred as a matter of law in awarding all of the husband's retirement benefits to the wife. Section 30-2-51(b)(3), Ala.Code 1975, limits to 50 percent the amount of retirement benefits that may be awarded to a noncovered spouse. See Smith v. Smith, 836 So.2d 893 (Ala.Civ.App.2002). Although the husband did not argue this error to the trial court, the wife concedes that the trial court's award constitutes error. Cf. Crawford v. Crawford, 876 So.2d 1167 (Ala.Civ.App.2003)(wife conceded error in award to her of husband's railroad retirement benefits).
We must reverse the judgment of the trial court and remand the cause for the trial court to reconsider its award of retirement benefits to the wife. Accordingly, we need not address at this time the wife's contention that the trial court abused its discretion by failing to award her any portion of the husband's 49% interest in Young's Realty and by failing to award her periodic alimony.
The wife's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing.
MURDOCK, Judge, concurring in the result.
I concur in the result reached by the main opinion. I write separately because I disagree with the manner in which the main opinion applies the principle quoted in note 2 of that opinion. Specifically, the following statement from Ex parte Cleveland Consolidated, Inc., 435 So.2d 1285 (Ala.1983), is quoted in note 2: "Since both [postjudgment] motions were filed within 30 days of the judgment, making each timely under Rules 50 and 59, we [apply] the 90-day time limit separately to each motion." 435 So.2d at 1286. The quoted sentence is actually a description of the holding of the Supreme Court in an earlier case, Spina v. Causey, 403 So.2d 199 (Ala.1981). The postjudgment motions addressed in Spina were, indeed, different motions  one for a "judgment notwithstanding the verdict" under Rule 50, Ala. R. Civ. P., and a subsequently filed motion for a new trial under Rule 59, Ala. R. Civ. P. Accordingly, the Supreme Court held in Spina that the 90-day time limit imposed by Rule 59.1 should be applied separately to each motion. 403 So.2d at 201.
The successive postjudgment motions actually at issue in Ex parte Cleveland Consolidated, Inc., however, were not viewed by the Supreme Court as different in substance. Instead, the Supreme Court concluded that the latter motion was merely an amended version of the former motion. Both motions were filed within 30 days of the judgment at issue and thus were both timely filed under Rule 59. The *294 Supreme Court therefore concluded in Ex parte Cleveland Consolidated, Inc., that the 90-day time limit under Rule 59.1 was properly applied only from the date of the filing of the latter motion. 435 So.2d at 1287.
Both of the successive postjudgment motions in the present case also were timely filed within the 30-day time limit applicable under Rule 59. Both motions are titled "Motion to Reconsider or, in the Alternative, Motion to Alter, Amend or Vacate Decree." More importantly, the latter motion does indeed appear to be only an amendment to the earlier motion. The latter motion seeks the same relief as the earlier motion; it restates all the grounds for that relief from the earlier motion in their entirety, differing only in its inclusion of one brief, additional reason the trial court should grant that relief. As a result, I believe the postjudgment filings in the present case should not be viewed as separate motions, each with their own 90-day time limit under Rule 59.1, but instead should be viewed in the same manner as were the postjudgment filings in Ex parte Cleveland Consolidated, Inc., with the 90-day time limit of Rule 59.1 running from the date of the filing of the amended motion.
NOTES
[1] The testimony regarding the value of the wife's jewelry was in conflict. The wife's evidence tended to show that the jewelry was worth approximately $25,000. The husband asserted that it was worth twice that amount.
[2] "Since both motions were filed within 30 days of the judgment, making each timely under Rules 50 and 59, we [apply] the 90 day time limit separately to each motion." Ex parte Cleveland Consolidated, Inc., 435 So.2d 1285, 1286 (Ala.1983).