I concur in the result reached by the main opinion. I write separately because I disagree with the manner in which the main opinion applies the principle quoted in note 2 of that opinion. Specifically, the following statement from Ex parte ClevelandConsolidated, Inc., 435 So.2d 1285 (Ala. 1983), is quoted in note 2: "Since both [postjudgment] motions were filed within 30 days of the judgment, making each timely under Rules 50 and 59, we [apply] the 90-day time limit separately to each motion."435 So.2d at 1286. The quoted sentence is actually a description of the holding of the Supreme Court in an earlier case, Spina v.Causey, 403 So.2d 199 (Ala. 1981). The postjudgment motions addressed in Spina were, indeed, different motions — one for a "judgment notwithstanding the verdict" under Rule 50, Ala. R. Civ. P., and a subsequently filed motion for a new trial under Rule 59, Ala. R. Civ. P. Accordingly, the Supreme Court held inSpina that the 90-day time limit imposed by Rule 59.1 should be applied separately to each motion. 403 So.2d at 201.
The successive postjudgment motions actually at issue in Exparte Cleveland Consolidated, Inc., however, were not viewed by the Supreme Court as different in substance. Instead, the Supreme Court concluded that the latter motion was merely an amended version of the former motion. Both motions were filed within 30 days of the judgment at issue and thus were both timely filed under Rule 59. The *Page 294 
Supreme Court therefore concluded in Ex parte ClevelandConsolidated, Inc., that the 90-day time limit under Rule 59.1 was properly applied only from the date of the filing of the latter motion. 435 So.2d at 1287.
Both of the successive postjudgment motions in the present case also were timely filed within the 30-day time limit applicable under Rule 59. Both motions are titled "Motion to Reconsider or, in the Alternative, Motion to Alter, Amend or Vacate Decree." More importantly, the latter motion does indeed appear to be only an amendment to the earlier motion. The latter motion seeks the same relief as the earlier motion; it restates all the grounds for that relief from the earlier motion in their entirety, differing only in its inclusion of one brief, additional reason the trial court should grant that relief. As a result, I believe the postjudgment filings in the present case should not be viewed as separate motions, each with their own 90-day time limit under Rule 59.1, but instead should be viewed in the same manner as were the postjudgment filings in Ex parte ClevelandConsolidated, Inc., with the 90-day time limit of Rule 59.1 running from the date of the filing of the amended motion.