On Remand from the Alabama Supreme Court

CRAWLEY, Judge.
On December 5, 2003, this court reversed a judgment of the Baldwin Circuit Court divorcing the parties and dividing their marital assets and debts. Bodenhamer v. Bodenhamer, 904 So.2d 289 (Ala. Civ.App.2003). The trial court had entered a judgment of divorce on March 18, 2002, and then, in response to two post-judgment motions filed by the husband, the court had entered an amended judgment on January 16, 2003. Brenda Boden-hamer (“the wife”) appealed, and George Bodenhamer (“the husband”) cross-appealed.
This court first addressed the wife’s argument that the trial court had no jurisdiction to amend the original judgment because, the wife said, the husband’s post-judgment motions had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. This court determined that the trial court had jurisdiction to enter the amended judgment. This court reversed the trial court’s amended judgment on the basis that the trial court erred as a matter of law in awarding all the husband’s retirement benefits to the wife; that issue had been raised by the husband in his cross-appeal.
The wife filed a petition for a writ of certiorari to the Alabama Supreme Court. The supreme court granted the petition, issued the writ, and reversed this court’s judgment, holding that the trial court had no jurisdiction to amend its original judgment. Consequently, the supreme court voided the trial court’s judgment of January 16, 2003, and reinstated the original judgment of March 18, 2002. The opinion of our supreme court in Ex parte Boden-hamer, 904 So.2d 294 (Ala.2004), states:
“On March 18, 2002, the trial court entered a judgment divorcing [the wife] from [the husband]. [The husband] then filed a motion on March 26, 2002, to alter, amend, or vacate the judgment; on April 4, 2002, he amended the motion to alter, amend, or vacate the judgment.
[[Image here]]
“... [T]he trial court had 90 days from April 4, 2002, in which to rule on [the husband’s] postjudgment motion. The trial court did not enter its amended judgment until more than 90 days later; therefore, it lacked jurisdiction to enter that amended judgment.”
Ex parte Bodenhamer, 904 So.2d at 295-96.
*300 The Alabama Supreme Court held that the husband’s postjudgment motion was denied by operation of law on July 3, 2002. Pursuant to Rule 4, Ala. R.App. P., any appeal of the March 18, 2002, judgment was due to be filed within 42 days of July 3, 2002, and any cross-appeal was due to be filed within 14 days of a timely appeal by the other party (i.e., no later than August 28, 2002). The wife did not file a notice of appeal until February 27, 2003, and the husband did not file a notice of appeal until March 6, 2003. Therefore, this court has no appellate jurisdiction to consider the merits of the March 18, 2002, judgment, and we must dismiss the wife’s appeal and the husband’s cross-appeal.
APPEAL — DISMISSED.
CROSS-APPEAL — DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.