On January 14, 2005, the Lawrence Circuit Court entered a judgment that, among other things, divorced Carol Renee Roden ("the wife") and Melvin Loy Roden ("the husband"). On February 4, 2005, both parties filed postjudgment motions pursuant to Rule 59(e), Ala. R. Civ. P. However, on February 8, 2005, the husband filed a postjudgment motion that precisely duplicated his previous postjudgment motion in each substantive respect and in every formal detail except that the margins on the sides of the pages were different. The trial court, after a hearing, entered an order purporting to amend the divorce judgment on May 6, 2005, 91 days after February 4 and 87 days after February 8, 2005. The wife appeals. The sole issue presented in this appeal is whether the trial court had jurisdiction to amend its January 14, 2005, judgment.
Under Rule 59(e), a motion to alter, amend, or vacate a judgment must be filed within 30 days of the date upon which the pertinent judgment was entered. Under Rule 59.1, Ala. R. Civ. P., a postjudgment motion filed pursuant to, among other rules, Rule 59 is deemed denied by operation of law 90 days after such a motion is filed unless the parties expressly consent on the record to extend the 90-day period or the appropriate appellate court allows *Page 85 
such an extension. Rule 59.1 has been held to apply separately to each distinct timely filed postjudgment motion so as to afford the trial court a full 90-day period to rule on each separate motion (see Spina v. Causey,403 So.2d 199, 201 (Ala. 1981)). Similarly, if a subsequent filing is deemed to be an amendment to a previous post-judgment motion, that amendment will trigger a new 90-day jurisdictional period only if the amendment is filed within 30 days after the original judgment, ie., within the time for filing an "original" post-judgment motion. CompareThompson v. Keith, 365 So.2d 971, 973 (Ala. 1978) (amended motion filed more than 30 days after judgment did not restart 90-day clock under Rule 59.1), with Ex parte ClevelandConsol, Inc., 435 So.2d 1285, 1287 (Ala. 1983) (90-day period under Rule 59.1 began to run from date of filing of amended postjudgment motion filed less than 30 days after entry of judgment).
However, in the instant case, the February 8, 2005, motion filed by the husband is neither fish nor fowl — that motion neither requests that the trial court alter, amend, or vacate its January 14, 2005, judgment on groundsdifferent from or additional to the grounds asserted in the husband's February 4, 2005, motion so as to amount to a proper amendment to the earlier motion nor seeks different post-judgment relief so as to be a separate postjudgment motion (one perhaps cognizable under Rule 52(b) or Rule 59(a), Ala. R. Civ. P., governing amendment of findings or the grant of a new trial). Quite simply, the husband's February 8, 2005, motion is an exact substantive duplicate of his February 4, 2005, motion.
Although no reported Alabama case appears to have dealt with the effect of such repetitive filings by a party, our research indicates that in the analogous context of repetitive filings of the same document by a trial court, the earlier filing will be deemed operative. In Lyman v.Lyman, 753 So.2d 1159 (Ala.Civ.App. 1999), this court was confronted with deciding which of two filed copies of a trial court's judgment had initiated the running of the time for filing postjudgment motions and notices of appeal. The trial court in that case rendered and entered a final judgment on May 21, 1998; however, an exact duplicate of that judgment was filed on May 28, 1998. We held in Lyman that the time for filing postjudgment motions and notices of appeal was to be calculated based upon the earlier filing date, which took precedence over the date of the duplicative refiling.
On the authority of Lyman, we conclude that the operative date for determining the commencement of the 90-day period set forth in Rule 59.1 was February 4, 2005, the date on which the husband first filed his postjudgment motion and the wife filed her separate postjudgment motion. Because the husband's February 8, 2005, filing did not state further or other grounds for alteration, amendment, or vacatur of the January 14, 2005, judgment, and did not seek different relief from the trial court, that filing did not amount to a separate postjudgment motion under Spina or an amendment to a postjudgment motion cognizable under ClevelandConsolidated. Just as it would be "improper for a court to circumvent the Rules of Procedure in an attempt to artificially renew the period in which a party may appeal" (MerrillLynch, Pierce, Fenner Smith, Inc. v. Cobb, 111 So.2d 355, 356 (Ala. 1998)), it would be improper to allow a party to circumvent the normal operation of Rule 59.1 in an effort to artificially renew a trial court's postjudgment jurisdiction simply by repetitive filings of the same postjudgment motion. *Page 86 
The trial court's May 6, 2005, order was entered more than 90 days after February 4, 2005, and, as such, is void and will not support an appeal. J.B. v. A.B., 888 So.2d 528, 532
(Ala.Civ.App. 2004). We therefore dismiss the wife's appeal and direct the trial court to vacate its May 6, 2005, order.
APPEAL DISMISSED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.