Following a citation to Roden v. Roden,937 So.2d 83, 85 (Ala.Civ.App. 2006), the main opinion concludes that the mother's December 16, 2005, postjudgment motion "did not toll the time for ruling upon the [mother's] October 20, 2005, motion." 962 So.2d at 264. Neither the holding inRoden, nor any other rule with which I am familiar, however, speaks to a "toll[ing] [of] the time for ruling upon [a postjudgment] motion." Instead, Roden addresses the issue whether a party's filing of an amendment to, or the filing of a second, Rule 59, Ala. R. Civ. P., postjudgment motion triggers a new 90-day jurisdictional period
under Rule 59.1 for the trial court to rule upon thatparty's initial postjudgment motion.
As the main opinion correctly notes, the mother's December 16, 2005, postjudgment motion does not ask the trial court to vacate, alter, or amend its judgment on any ground different from or in addition to those grounds already asserted by the mother in her first postjudgment motion and does not seek any postjudgment relief different from that already requested by the mother in her first motion. Accordingly, it is neither an amendment to the mother's initial postjudgment motion nor a new postjudgment motion that will trigger a new 90-day jurisdictional period under Rule 59.1. I note also that, even if the mother's December 16, 2005, postjudgment motion had asserted new or additional grounds, or had requested different relief, it was filed outside the 30-day time period prescribed by Rule 59(e), Ala. R. Civ. P., and, for that reason also, would not have served to trigger a new 90-day jurisdictional period under Rule 59.1. See Roden, supra; compare Thompsonv. Keith, 365 So.2d 971, 973 (Ala. 1978), with Exparte *Page 266 Cleveland Consol., Inc., 435 So.2d 1285, 1287
(Ala. 1983).
THOMPSON, J., concurs.