BURKE, Judge.
Dwight Deramus appeals the Montgomery Circuit Court’s dismissal of his petition for a writ of certiorari in which he sought the reinstatement of his parole after it was revoked by the Alabama Board of Pardons and Paroles (“the Board”).
On April 17, 1996, Deramus was sentenced to 2 concurrent terms of 20 years in prison for 2 drug offenses. Deramus was granted parole in May 2006. One condition of Deramus’s parole was that he “shall not violate any law.” (C. 40.) On December 6, 2006, Deramus’s parole officer reported that Deramus had violated that condition because, on November 30, 2006, he was arrested and charged with trafficking in marijuana. On December 18, 2006, the Board held a hearing concerning Dera-mus’s alleged parole violation, but the hearing was terminated and reset so that the parole officer could supplement his report concerning an additional charge. On December 20, 2006, the parole officer supplemented his report to add a parole violation based on a second charge against Deramus for trafficking in marijuana. On December 27, 2006, the Board held another hearing, and the hearing officer found that there was insufficient evidence to support the parole-violation charges. Thus, at this time, the Board did not revoke Dera-mus’s parole.
On February 9, 2009, Deramus was again charged with violating the condition of his parole that required him not to “violate any law.” (C. 62.) The parole-violation charge stated that Deramus had been arrested on November 30, 2006, and had been charged with trafficking in marijuana and that, on December 1, 2008, he had pleaded guilty to two counts of first-degree possession of marijuana. On March 16, 2009, at the hearing concerning this parole-violation charge, a certified copy of Deramus’s guilty-plea conviction was pre *165 sented to the hearing officer. The hearing officer found that Deramus was guilty of the parole-violation charge, and the hearing officer recommended that Deramus’s parole be revoked. Based on that recommendation, the Board, on March 17, 2009, revoked Deramus’s parole.
On April 24, 2009, Deramus filed a petition for a writ of certiorari in the Montgomery Circuit Court, asking the court to “enter a judgment finding that the revocation of [his] parole on March 17, 2009, was barred by the Double Jeopardy clause of the U.S. Constitution, as well as the doctrines of res judicata and collateral estoppel, and [to] order [his] parole reinstated.” (C. 5-7.) In response, the Board filed an “answer and motion for summary judgment,” arguing that neither double-jeopardy principles nor the doctrines of res judicata or collateral estoppel barred the revocation of Deramus’s parole, and the Board asked the circuit court to dismiss Deramus’s petition. (C. 13-37.) Deramus then filed a motion entitled “Plaintiffs Statement in Opposition to Defendant’s Motion for Summary Judgment.” (C. 82.)
The circuit court held a hearing on the parties’ motions on December 15, 2009. Proposed orders were submitted to the circuit court by the parties on December 16, 2009, and on December 17, 2009. On January 8, 2010, at 3:36:55 p.m., the circuit court issued an order that entered a summary judgment in favor of the Board and dismissed with prejudice Deramus’s petition for a writ of certiorari. However, approximately 10 minutes later, at 3:47:10 p.m., the circuit court issued another order that held that the Board’s revocation of Deramus’s parole was barred by the doctrines of res judicata and collateral estop-pel. That order purported to vacate the revocation of Deramus’s parole and stated that “Deramus is to be immediately reinstated on parole.” (C. 98.) Both orders were electronically signed by the circuit judge. The second order was attached to a notice that was entitled “Notice of Court Action.” (C. 114.) That notice stated that it concerned Deramus’s motion in opposition to the Board’s motion for a summary judgment and that the disposition of Dera-mus’s motion was “no action.” (C. 114.) On January 11, 2010, entries were made in the case-action summary reflecting that the case had been disposed of by a summary judgment on January 8, 2010, and that Deramus’s petition had been dismissed with prejudice.
On February 23, 2010, Deramus filed a petition for a writ of habeas corpus in the Elmore Circuit Court, asking that court to release him from continued incarceration based on the order from the Montgomery Circuit Court that purported to vacate the revocation of his parole.
On March 15, 2010, the Board filed a motion in the Montgomery Circuit Court requesting that the court correct the record under Rule 60(a), Ala. R. Civ. P., to accurately reflect that a summary judgment had been entered in favor of the Board. On that same day, Deramus filed an opposition to the Board’s Rule 60(a) motion. Also, on the same day, the circuit court entered an order, which stated:
“The Board’s motion for relief from order pursuant to Rule 60, Ala. R. Civ. P., is hereby granted.
“The Court hereby orders that the record accurately reflect that summary judgment was entered in favor of the Alabama Board of Pardons and Paroles on January 8, 2010. The above action is hereby dismissed, with prejudice.
“Deramus’ motion in opposition ... is hereby denied.”
*166 (C. 131.)[1]
On April 13, 2010, Deramus filed a motion to alter, amend, or vacate the judgment under Rule 59, Ala. R. Civ. P. That motion incorporated by reference the arguments that were set forth earlier in Deramus’s opposition to the Board’s Rule 60 motion, and it alleged that the circuit court was without jurisdiction to enter its March 15, 2010 order under Rule 60. Alternatively, Deramus asserted that the circuit court’s entry of a summary judgment in favor of the Board was in error, and he repeated his arguments concerning the doctrines of res judicata and collateral es-toppel. The circuit court did not take any action on Deramus’s Rule 59 motion.
On July 26, 2010, Deramus filed a notice of appeal to this Court.
In his principal brief on appeal, Dera-mus’s only contention is that “the second parole revocation proceeding initiated on February 9, 2009, which was premised on the identical facts/events as the parole revocation proceeding initiated on December 6, 2006, which resulted in a finding of insufficient evidence to revoke Deramus’ parole, was barred by the doctrines of res judicata and collateral estoppel.” Dera-mus’s brief, at 10. The Board responds that Deramus’s appeal of that issue is untimely and, thus, that this Court lacks subject-matter jurisdiction to consider the appeal. We agree with the Board.
As the Court of Civil Appeals has held:
“Subject to certain exceptions that are not applicable here, Rule 4(a)(1), Ala. R.App. P., requires that the notice of appeal be filed within 42 days of the entry of the challenged judgment. Rule 4(a)(3), Ala. R.App. P., provides that the filing of a postjudgment motion made pursuant to Rule 59 may toll the running of the time for filing a notice of appeal until (1) the motion is ruled upon by the court, or (2) the date the motion has been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. ... ‘ “[T]he timely filing of a notice of appeal is a jurisdictional act.” ’ Allen v. Independent Fire Ins. Co., 743 So.2d 490, 492 (Ala.Civ.App.1999) (quoting Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985)).... The failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal.”
Brown v. Brown, 808 So.2d 40, 41-42 (Ala.Civ.App.2001).
Furthermore, “an order entered pursuant to Rule 60(a) relates back to the date of the order or judgment it amends and does not bear on the timeliness of the appeal from the order or judgment.” Hargrove v. Hargrove, 65 So.3d 950, 952 (Ala.Civ.App.2010). Also, Rule 60(a) “motions do not toll the time for taking an appeal from the underlying judgment.” Landers v. Landers, 812 So.2d 1212, 1216 (Ala.Civ.App.2001).
In his principal brief on appeal, Deramus does not challenge the correctness or validity of the circuit court’s order granting the Board’s Rule 60(a) motion. Instead, Deramus challenges only the orig *167 inal judgment in favor of the Board, which was later clarified by the order granting the Board’s Rule 60(a) motion.[2] The circuit court’s clarification under Rule 60(a) relates back to the date of the judgment it clarified. That judgment was entered on January 8, 2010. Deramus filed his notice of appeal on July 26, 2010, which was not within 42 days of the entry of the challenged judgment. See Rule 4(a)(1), Ala. R.App. P. Also, Deramus filed his Rule 59 motion to alter, amend, or vacate the judgment on April 18, 2010, which was not within 30 days of the entry of the challenged judgment, and, thus, the Rule 59 motion did not toll the running of the time for filing a notice of appeal from the original judgment. See Rule 59(e), Ala. R. Civ. P. (providing that “[a] motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment). Therefore, Dera-mus’s appeal of the original judgment in favor of the Board is untimely; thus, this Court lacks jurisdiction to consider the appeal.
Based on the foregoing, we dismiss the appeal.
APPEAL DISMISSED.
WELCH, P.J., and WINDOM, KELLUM, and JOINER, JJ., concur.

. It appears that Deramus’s reliance on the January 8, 2010, order that purported to vacate the revocation of his parole was unfounded and that the Board's motion to correct the record under Rule 60(a) was unnecessary because, on January 11, 2010, entries were made in the case-action summary reflecting that the case had been disposed of by a summary judgment and that Deramus’s petition had been dismissed with prejudice. See Rule 58(a), Ala. R. Civ. P. ("A judge may render an order or a judgment ... by making or causing to be made a notation in the court records.”). Nevertheless, due to our disposition of this case, we need not decide this issue.

. In his reply brief, Deramus alleges for the first time on appeal that the circuit court’s ruling on the Board’s Rule 60(a) motion amounted to more than correcting a mere "clerical mistake” and, thus, that the order granting the Board’s motion under Rule 60(a) was erroneous. However, it is well settled that “an appellant may not raise a new issue for the first time in a reply brief.” Woods v. State, 845 So.2d 843, 846 (Ala.Crim.App.2002). Deramus also states that the circuit court lacked jurisdiction to rule on the Board’s Rule 60(a) motion. However, Rule 60(a) provides, in pertinent part: “Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pen-dency of an appeal or thereafter, such mistakes may be so corrected by the trial court.” (Emphasis added.) Therefore, the circuit court had jurisdiction to make a correction under Rule 60(a) at any time, and Deramus has not properly presented to this Court the issue whether the circuit court’s ruling under Rule 60(a) was correct.